FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 3 0 2003

JAMES W. McCORMACK, CLERK

DEP CLE

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RALPH BRESHEARS**                                                        **PLAINTIFF**

**V.**                                     CASE NO. 4-03-CV- 4-03-CV-01019 SWW

**CITY OF LITTLE ROCK;
LITTLE ROCK POLICE DEPARTMENT; and
LAWRENCE JOHNSON, Individually and in His
Official Capacity as Chief of Police for the City of Little Rock**          **DEFENDANTS**

**NOTICE OF REMOVAL**

Come Defendants, City of Little Rock, Little Rock Police Department, and

Lawrence Johnson, individually and in his official capacity as Chief of Police for the City

of Little Rock, by and through their attorneys, Thomas M. Carpenter, City Attorney, and

Amy Beckman Fields, Assistant City Attorney, and for their Notice of Removal, state:

1.      On November 17, 2003, Plaintiff Ralph Breshears filed the above-

captioned lawsuit against Defendants City of Little Rock, Little Rock Police Department,

and Lawrence Johnson in Pulaski County Circuit Court.  Each of the Defendants was

served with a summons and a copy of the Complaint on December 2, 2003.

2.      Plaintiff's Complaint alleges three causes of action.  For his first cause of

action, Plaintiff seeks review pursuant to Ark. Code Ann. § 14-51-308 of the October 16,

2003 decision of the Little Rock Civil Service Commission upholding Plaintiff's

termination by the Chief of Police of the Little Rock Police Department.  For his second

cause of action, Plaintiff claims that Defendants retaliated against him for having been

identified as a witness and protesting sexual harassment in violation of the Arkansas Civil

Rights Act, Ark. Code Ann. § 16-123-108. Plaintiff claims for his third cause of action

that Defendants "violated the rights granted to him by 42 U.S.C. § 1981 and 42 U.S.C. §

1983 ... to be free from discrimination in the entering into contracts (*sic*) and in the terms of employment because of race." *See, Complaint,* ¶ 9.

3.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), the federal district court has original jurisdiction over Plaintiff's cause of action alleging violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

4.      Plaintiff's cause of action based upon 42 U.S.C. § 1981 and 42 U.S.C.§ 1983 is subject to removal from state court pursuant to 28 U.S.C. § 1441(a) and (b). Plaintiff has asserted separate causes of action in his Complaint that would otherwise be non-removable, namely his appeal of the decision of the Little Rock Civil Service Commission and his claim pursuant to the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-108. Pursuant to 28 U.S.C. § 1441(c), the entire case may be removed for determination by this Court, subject to this Court's discretion to remand all matters in which State law predominates. In accordance with these statutory provisions, Defendants hereby give notice of removal of the captioned matter to this Court.

5.      Consistent with this Court's authority to remand matters in which State law predominates, Defendants respectfully request that the cause of action seeking review of the decision of the Little Rock Civil Service Commission be remanded to Pulaski County Circuit Court.

6.      Consistent with 28 U.S.C. § 1446(a), attached to this Notice are copies of all process, pleadings and orders served upon Defendants in this action, together with all pleadings filed by Defendants in Pulaski County Circuit Court prior to the filing of this Notice of Removal.

Respectfully Submitted:


Thomas M. Carpenter
City Attorney


By: _____

Amy Beckman Fields (89058)
Assistant City Attorney
City Hall – Suite 310
500 West Markham
Little Rock, AR  72201
(501) 371-4527

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon Plaintiff's attorney, Robert A. Newcomb, by placing same in the U.S. Mail, postage prepaid, to P.O. Box 149, Little Rock, AR  72203, this 30th day of December, 2003.


_____

Amy Beckman Fields

State of Arkansas
Pulaski County Circuit Court
Office of the County Courthouse
401 W. Markham, Suite 102                    CASE NO.: CV 2003 012244
Little Rock, Arkansas 72201
                                             DIV: 2ND - HON. CHRIS PIAZZA
                              SUMMONS
                        ( NOTICE OF LAWSUIT )

PLAINTIFFS                                   DEFENDANT
    RALPH BRESHEARS                          CITY OF LITTLE ROCK
    , ET AL

PLAINTIFFS'S ATTORNEY                        DEFENDANT'S ADDRESS
    ROBERT A. NEWCOMB
    P.O. BOX 149
    LITTLE ROCK, AR  72203


TO THE ABOVE-NAMED DEFENDANT(S):

1.    You are hereby notified that a lawsuit has been filed against you by the
above named plaintiff(s); The relief asked is stated in the attached complaint.

2.    The attached complaint will be considered admitted by you and a judgment by
default  may be entered against you for the relief asked in the complaint unless
you file  a  written  response or answer and thereafter appear and present your
defense.   Your pleading or answer must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of
      Civil Procedure.
   B. It must be filed in the Pulaski County Circuit Clerk's Office within
      TWENTY (20) days from the day you were served with this summons.
   C. A copy of your response must be delivered or mailed to the plaintiff
      or his attorney.

3.    If you desire to be represented by an attorney you should immediately
contact your attorney so that an answer can be filed for you in the time allowed

WITNESS my hand and the seal of said court this day: November 17, 2003
                                             CAROLYN STALEY, Circuit Clerk

                                             By _____ D.C.

STATE OF ARKANSAS, COUNTY OF PULASKI
On this  2  day of  December  2003, at _____ o'clock
A.M., I have duly served the summons by delivering a copy thereof (or
stating the substance thereof), together with a copy of the complaint, to
_____ such person being:

CHECK APPLLICABLE SQUARE:
___ the person named therein as defendant
___ a member of the defendant's family above 14 years of age at defendant's
    usual place of abode, namely _____
___ the duly designated agent for service of process for the defendant,
    namely _____
___ OTHER: _____
                                             _____ SHERIFF
                            By: _____
                            Deputy Sheriff

State of Arkansas
Pulaski County Circuit Court
Office of the County Courthouse
401 W. Markham, Suite 102
Little Rock, Arkansas 72201

CASE NO.: CV 2003 012244

DIV: 2ND - HON. CHRIS PIAZZA

SUMMONS
( NOTICE OF LAWSUIT )

PLAINTIFFS
RALPH BRESHEARS
, ET AL

DEFENDANT
LITTLE ROCK POLICE DEPT

PLAINTIFFS'S ATTORNEY
ROBERT A. NEWCOMB
P.O. BOX 149
LITTLE ROCK, AR  72203

DEFENDANT'S ADDRESS

TO THE ABOVE-NAMED DEFENDANT(S):

1.    You  are  hereby notified that a lawsuit has been filed against you by the
above named plaintiff(s); The relief asked is stated in the attached complaint.

2.    The attached complaint will be considered admitted by you and a judgment by
default  may be entered against you for the relief asked in the complaint unless
you  file  a  written  response or answer and thereafter appear and present your
defense.   Your pleading or answer must meet the following requirements:

  A. It must be in writing, and otherwise comply with the Arkansas Rules of
     Civil Procedure.
  B. It must be filed in the Pulaski County Circuit Clerk's Office within
     TWENTY (20) days from the day you were served with this summons.
  C. A copy of your response must be delivered or mailed to the plaintiff
     or his attorney.

3.    If  you  desire  to  be  represented  by an attorney you should immediately
contact your attorney so that an answer can be filed for you in the time allowed

WITNESS my hand and the seal of said Court this day: November 17, 2003
                                        CAROLYN STALEY, Circuit Clerk

                                        By _____ D.C.

STATE OF ARKANSAS, COUNTY OF PULASKI.
On this ___2___ day of ___Dec._____ 2003, at _____ o'clock
___.M., I have duly served the summons by delivering a copy thereof (or
stating the substance thereof), together with a copy of the complaint, to
_____ such person being:

CHECK APPLLICABLE SQUARE:
___ the person named therein as defendant
___ a member of the defendant's family above 14 years of age at defendant's
    usual place of abode, namely _____
___ the duly designated agent for service of process for the defendant,
    namely _____
___ OTHER: _____ SHERIFF
                                    By _____
                                       Deputy Sheriff

State of Arkansas
Pulaski County Circuit Court
Office of the County Courthouse          **CASE NO.: CV 2003 012244**
401 W. Markham, Suite 102
Little Rock, Arkansas 72201              **DIV: 2ND - HON. CHRIS PIAZZA**

**SUMMONS**
**( NOTICE OF LAWSUIT )**

PLAINTIFFS                               DEFENDANT
   RALPH BRESHEARS                    LAWRENCE JOHNSON
   , ET AL


PLAINTIFFS'S ATTORNEY                    DEFENDANT'S ADDRESS
   ROBERT A. NEWCOMB
   P.O. BOX 149
   LITTLE ROCK, AR  72203


TO THE ABOVE-NAMED DEFENDANT(S):

1.    You  are  hereby notified that a lawsuit has been filed against you by the
above named plaintiff(s); The relief asked is stated in the attached complaint.

2.    The attached complaint will be considered admitted by you and a judgment by
default  may be entered against you for the relief asked in the complaint unless
you  file  a  written  response or answer and thereafter appear and present your
defense.   Your pleading or answer must meet the following requirements:

  A. It must be in writing, and otherwise comply with the Arkansas Rules of
    Civil Procedure.
  B. It must be filed in the Pulaski County Circuit Clerk's Office within
    TWENTY (20) days from the day you were served with this summons.
  C. A copy of your response must be delivered or mailed to the plaintiff
    or his attorney.

3.    If  you  desire  to  be  represented by an  attorney you should immediately
contact your attorney so that an answer can be filed for you in the time allowed

WITNESS my hand and the seal of said court this day: November 17, 2003
                              CAROLYN STALEY, Circuit Clerk

                          By _____, D.C.

STATE OF ARKANSAS, COUNTY OF PULASKI
On this ___ day of _____ 200__, at _____ o'clock
___.M., I have duly served the summons by delivering a copy thereof (or
stating the substance thereof), together with a copy of the complaint, to
_____ such person being:

CHECK APPLLICABLE SQUARE:
___ the person named therein as defendant
___ a member of the defendant's family above 14 years of age at defendant's
    usual place of abode, namely _____
___ the duly designated agent for service of process for the defendant,
    namely _____
___ OTHER: _____

                    By _____
                      Deputy Sheriff

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS FILED

*2nd*

*CV03-12244*

2003 NOV 17 PH 4:03
PLAINTIFF
CAROLYN STALEY
CIRCUIT COUNTY CLERK

RALPH BRESHEARS

VS.

CITY OF LITTLE ROCK;
LITTLE ROCK POLICE DEPT.; and
LAWRENCE JOHNSON, Individually and in His
Official Capacity as Chief of Police for the City of Little Rock          DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, by and through his attorney, Robert A. Newcomb, and for his Complaint, states:

1.      Jurisdiction is invoked pursuant to the provisions of Arkansas Code Annotated 16-13-201.  This Complaint seeks a review of the decision of the Little Rock Civil Service Commission pursuant to the provisions of Arkansas Code Annotated  14-51-308; the Arkansas Civil Rights Act, Arkansas Code Annotated  16-123-101, et seq.; and 42 U.S.C. §. 1983.

2.      The Plaintiff was employed by the City of Little Rock as a police officer, and at all times material to this cause of action, was a resident of Pulaski County, Arkansas.

3.      The Defendant, City of Little Rock, is a municipality located in Pulaski County, Arkansas.

4.      The Little Rock Police Department was the employer of the Plaintiff at all times material to this cause of action.

5.      The Defendant, Lawrence Johnson, at all times material to this cause of action was Chief of Police for the City of Little Rock, acting under color of law.  He is being sued in his individual and official capacities.

## FIRST CAUSE OF ACTION

6.      The Plaintiff was terminated by the City of Little Rock as a police officer.

7.      The Plaintiff timely appealed his termination to the Little Rock Civil Service Commission.

8.      The Little Rock Civil Service Commission affirmed the Plaintiff's termination by a vote of 4 to 1.

9.      This action is timely filed from the appealing the decision of the Little Rock Civil Service Commission, and the decision of Defendant, Lawrence Johnson, to terminate the Plaintiff.

10.     This Court should review the record *de novo* and allow the Defendant to present additional evidence to show that his termination was wrongful.

## SECOND CAUSE OF ACTION

11.     The Plaintiff at all times material to this cause of action was employed by the City of Little Rock as a Little Rock police officer.

12.     The Plaintiff was identified as a witness in a complaint filed by fellow police officer, Jan Lee, for her having been subjected to sexual harassment by supervisors at the Little Rock Police Department.

13.     The Arkansas Civil Rights Act, A.C.A. 16-123-108, protects the Plaintiff from retaliation for having been identified as a witness and protesting sexual harassment, which is a violation of the Arkansas Civil Rights Act.

14.     In retaliation for the actions of the Plaintiff in protesting the sexual harassment of Ms. Lee, supervisors within the Little Rock Police Department, including Defendant Lawrence

Johnson, recommended termination, and terminated the Plaintiff in retaliation for his actions of participation in the protesting sexual harassment in the Little Rock Police Department.

15.     It is the direct and proximate result of the actions of the City of Little Rock, Defendant Lawrence Johnson, and the Little Rock Police Department, the Plaintiff suffered compensatory damages of loss of pay, mental anguish, humiliation, and embarrassment, warranting the award of damages in excess of that amount necessary for diversity of citizenship jurisdiction in United States District Court.

16.     The actions of Defendant Johnson individually were wanton and willful, in clear disregard of the Plaintiff's rights, warranting the imposition of punitive damages against Defendant Johnson individually.

### THIRD CAUSE OF ACTION

17.     The Plaintiff was a white citizen of the State of Arkansas.

18.     The Plaintiff had a contract of employment with the City of Little Rock as a police officer.

19.     The City of Little Rock, in violation of the Arkansas Civil Rights Act, treated the Plaintiff differently in the terms and conditions of employment because of him being white, by terminating him for alleged misconduct which he would not have been terminated for but for his race.

20.     The Defendant, Lawrence Johnson, interfered with the Plaintiff's right to enter into a contract of employment with the City of Little Rock and continue that employment by terminating him because of his race, that being white, when Defendant Johnson has not

terminated African-American officers for misconduct or alleged misconduct that was similar to that of the Plaintiff.

21.    The actions of the City of Little Rock and Defendant Lawrence Johnson violated the Pontiff's rights granted him by 42 U.S.C. § 1981 and 42 U.S.C. § 1983, together with the Arkansas Civil Rights Act, to be free from discrimination in the entering into contracts and in the terms of employment because of race.

22.    As a direct and proximate result of the actions of the Defendants, Lawrence Johnson, and the City of Little Rock, the Plaintiff has suffered loss of pay, will suffer loss of pay in the future, has suffered emotional distress, and humiliation, warranting the award of damages in excess of that necessary to invoke diversity of citizenship jurisdiction in federal district court.

23.    The actions of Defendant Johnson were wanton and willful in violation of the well established constitutional rights of the Plaintiff, warranting the imposition of punitive damages.

### RELIEF REQUESTED

24.    This Court should award the Plaintiff compensatory and punitive damages against the Defendant, Lawrence Johnson, both in his individual and official capacities for punitive damages and in his official and individual capacities for compensatory damages in an amount to be determined by a jury.

25.    This Court should award reasonable litigation costs and attorney's fees to the Plaintiff.

26.    This Court should order the Defendants to reemploy the Plaintiff as a police officer with the City of Little Rock.

27.    The Plaintiff hereby requests trial by jury.

## ADMINISTRATIVE COMPLIANCE

28.     Contemporaneous with filing this complaint, the copy of the Order of the Commission is attached hereto and incorporated, and the Notice of Appeal, filed with the Commission on October 24, from the decision made by the Commission on October 16, 2003. The transcript was timely ordered from the court reporter, who has failed to timely provide it and this Court is requested to enter an order directing Bushman and Associates to promptly prepare the record.

WHEREFORE, it is respectfully prayed that this Court will reverse the decision of the Little Rock Civil Service Commission; that this Court will award compensatory and punitive damages to the Plaintiff; that this Court will award attorney's fees and litigation costs to the Plaintiff; and grant the Plaintiff such other relief to which he is entitled.

Respectfully submitted:

Robert A. Newcomb, #73-087
Attorney at Law
P.O. Box 149
Little Rock, AR  72203
(501) 372-5577

BEFORE THE LITTLE ROCK CIVIL SERVICE COMMISSION

HUMAN RESOURCES
03 OCT 24 PM 3:26

JUDGMENT MAILED____
ANNOUNCEMENT PROV.____
RECEIVED BY____

LITTLE ROCK POLICE DEPARTMENT                    PETITIONER/APPELLEE

VS.                              NO. CSC 2003-003

RALPH BRESHEARS                              RESPONDENT/APPELLANT

## NOTICE OF APPEAL

Comes now the Respondent/Appellant, Ralph Breshears, by and through his attorney, Robert A. Newcomb, and hereby gives notice of appeal to the Circuit Court of Pulaski County, from the decision of the Commission upholding the Appellant's termination from the Little Rock Police Department by a vote of 4/1 on October 16, 2003.

By copy of this Notice of Appeal, a transcript has been ordered and financial arrangements made with Bushman Court Reporting for the transcript of the hearing before the Commission. The Respondent/Appellant requests that Bushman and Associates provide a copy of the transcript to Mr. Bill Mann of the City Attorney's Office, attorney for the Civil Service Commission, to ensure that the record is prepared and available within 30 days of filing with the Circuit Court of Pulaski County, Arkansas.

Respectfully submitted:

Robert A. Newcomb, #73-087
Attorney at Law
P.O. Box 149
Little Rock, AR  72203
(501) 372-5577

## CERTIFICATE OF SERVICE

I hereby state that a copy of the foregoing was mailed this _22_ day of October, 2003, to Mr. Bill Mann, Attorney at Law, 500 W. Markham, Suite 310, Little Rock, AR 72201, and to Ms. Susan Keller, Attorney at Law, P.O. Box 3178, Little Rock, AR 72203.

Robert A. Newcomb

## BEFORE THE LITTLE ROCK CIVIL SERVICE COMMISSION

**RALPH BRESHEARS**                                      **PETITIONER**

**V.**                            **NO. CSC 03-003**

**CITY OF LITTLE ROCK**                                  **RESPONDENT**

### ORDER

On October 16, 2003, the Little Rock Civil Service Commission (the "Commission") heard

the appeal of former Little Rock police officer Ralph Breshears. Mr. Breshears appealed the decision

of Chief Lawrence Johnson to terminate his employment on July 25, 2003, with an effective date of

July 28, 2003, for violation of various Rules and Regulations of the Little Rock Police Department

("LRPD"). The City was represented by Ms. Susan Kendall and Mr. Breshears was represented by

Mr. Robert Newcomb.

Having considered all the evidence and arguments of counsel, the Commission finds as

follows:

1.       Based upon the testimony and documentary evidence presented at the hearing, the

Commission finds that the City established by a preponderance of the evidence that Mr. Breshears

violated the following Rules and Regulations of the LRPD:

**Section 1/4001.00 and 1/4001.08,** which states "Dereliction of duty on the

part of any officer, detrimental to the proper performance of the functions of

the department, is cause for disciplinary action. The offender shall be punished

according to the severity of the violation, the results brought by the

dereliction, and the effect it has upon the discipline, good order and best

interests of the department. The following subsections constitute dereliction of duty:

Disrespect towards any supervisory officer, any civilian supervisor or subordinate.

**Section 1/4002.00.** Officer shall not engage in any conduct which constitutes conduct unbecoming an officer or neglect of duty.

**Section 1/4003.00.** No officer shall engage in any personal act or conduct which, if brought to the attention of the public, could result in justified criticism of that officer or the department. No officer shall be personally involved in disturbances or police incidents to his/her discredit.

**Section 1/4004.00.** A police officer shall treat supervisors, subordinates and associates with respect. Employees shall be courteous and civil at all times in their relationships with one another. When on duty, in the presence of the public or other employees, an employee shall be referred to by rank or proper surname.

**Section 1/5006.00.** Failure to deliberate refusal of any officer to obey a lawful order given by a supervisory officer of this department shall be considered insubordination.

**Section 1/6003.00.** No officer shall knowingly falsely arrest, imprison or direct any malicious prosecution against any person.

**Section 1/8003.00.** Officers shall be truthful at all times, whether they are under oath or not, when conducting official police business.

- 2 -

**Section 1/8006.00.** No officer shall knowingly falsify or alter any report, document or record or cause to be entered any inaccurate, false or improper information on records, documents or reports of the department or of any court. No officer shall remove or destroy or cause the removal or destruction of any report, document or record without written authorization.

The basis of these Rules violations was the arrest of Ms. Stephanie Mullins on August 13, 2002, as described during the hearing of this matter.

2.      The Commission hereby finds that the City established that the termination of Mr. Breshears was just and proper under the Rules and Regulations cited above.

IT IS SO ORDERED THIS *27* DAY OF OCTOBER, 2003.

PETE HORNIBROOK
CHAIRMAN
LITTLE ROCK CIVIL SERVICE COMMISSION

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SECOND DIVISION

2003 NOV 24  PM 3:09

RALPH BRESHEARS                                                                    PLAINTIFF
                                                                     CIRCUIT-COUNTY CLERK

VS.                                    NO. CV-2003-012244

CITY OF LITTLE ROCK, ET AL.                                       DEFENDANT

NOTICE OF FILING OF RECORD

Notice is hereby given that the original of the transcript of the Civil Service hearing with all

exhibits other than the video tape have been filed with the Circuit Clerk of Pulaski County,

Arkansas. The video tape has been retained in the possession of counsel for the Plaintiff.


Respectfully submitted:


Robert A. Newcomb, #73-087
Attorney at Law
P.O. Box 149
Little Rock, AR 72203
(501) 372-5577

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**SECOND DIVISION**

FILED
2003 DEC 22  PM 1: 50

CAROLYN STALEY
CIRCUIT-COUNTY CLERRIFF

**RALPH BRESHEARS**

V.                                         No. CV-03-12244

**CITY OF LITTLE ROCK;**
**LITTLE ROCK POLICE DEPARTMENT; and**
**LAWRENCE JOHNSON, Individually and in His**
**Official Capacity as Chief of Police for the City of Little Rock**          **DEFENDANTS**

## ANSWER

Come Defendants, City of Little Rock, Little Rock Police Department, and

Lawrence Johnson, individually and in his official capacity as Chief of Police for the City

of Little Rock, by and through their attorneys, Thomas M. Carpenter, City Attorney, and

Amy Beckman Fields, Assistant City Attorney, and for their Answer to Plaintiff's

Complaint, state:

1.      Defendants deny that this court has jurisdiction pursuant to Ark. Code

Ann. § 16-31-201 or Ark. Code Ann. § 14-51-308. Defendants affirmatively state that

Plaintiff failed to properly perfect his appeal of the decision of the Little Rock Civil

Service Commission, and that this Court is wholly without jurisdiction over Plaintiff's

cause of action. Defendants' Motion to Dismiss Plaintiff's First Cause of Action has

been filed contemporaneously herewith. Defendants do not agree that this matter states a

cause of action pursuant to Ark. Code Ann. § 16-123-101, *et. seq.* and 42 U.S.C. § 1983;

however, Defendants admit that if this Complaint states a cause of action then this Court

has jurisdiction to hear this matter.

2.      Defendants admit the allegations contained in Paragraph 2 of Plaintiff's

Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit that Lawrence Johnson is the Chief of Police as alleged in Paragraph 4 of the Complaint and that the Complaint states that Chief Johnson is being sued in his individual and official capacities; the Defendants deny each and every other factual allegation contained in Paragraph 4 of Plaintiff's Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants specifically deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.  Defendants affirmatively state that Plaintiff failed to properly perfect his appeal and this court is without jurisdiction over this matter.  The Court's lack of jurisdiction is fully addressed in Defendants' Motion to Dismiss Plaintiff's First Cause of Action and Brief in Support that have been filed contemporaneously herewith.

10.     Defendants specifically deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.  Defendants affirmatively state that Plaintiff failed to properly perfect his appeal and this court is without jurisdiction over this matter.

11.     Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants generally admit the allegations contained in Paragraph 13 of Plaintiff's Complaint that the Arkansas Civil Rights Act protects citizens from retaliation, but note that the ultimate interpretation of the meaning of a statute is a matter for the judicial system, and not simply a response to an allegation in a Complaint. To the extent that Plaintiff's Complaint implies that Plaintiff was the victim of retaliation, Defendants deny each and every other factual allegation contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     In response to Paragraph 18 of Plaintiff's Complaint, Defendants admit that Plaintiff was employed as a Little Rock police officer and could be terminated for cause. However, Plaintiff did not have a contract of employment for any specific time period. Defendants deny all material allegations contained in Paragraph 18 of Plaintiff's Complaint.

3

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny that Plaintiff is entitled to compensatory or punitive damages as alleged in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny that Plaintiff is entitled to attorney's fees or costs as alleged in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny that Plaintiff is entitled to be reemployed as a police officer with the City of Little Rock as alleged in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants acknowledge that Plaintiff has requested a trial by jury in Paragraph 27 of the Complaint, but denies that a jury trial is appropriate since the Complaint fails to state a cause of action.

28.     Defendants admit that Plaintiff filed a copy of the Order of the Commission and the Notice of Appeal that was filed with the Commission. Defendants further admit that a transcript of the Civil Service Commission hearing was subsequently filed with the Court. Defendants affirmatively state that Plaintiff failed to perfect his

appeal of the Civil Service Commission's decision in that he did not file either a copy of the record of the proceedings below, certified by the Commission, or an affidavit that he had requested said certified record from the Commission but the Commission refused to prepare or certify the record. Because of Plaintiff's failure to properly perfect his appeal, this Court lacks jurisdiction to review the decision of the Civil Service Commission, as addressed in Defendants' Motion to Dismiss Plaintiff's First Cause of Action and Brief in Support filed contemporaneously herewith.

29.     Pleading further affirmatively, Defendants state that Chief Johnson is entitled to qualified immunity from suit.

30.     Pleading further affirmatively, Defendants state that Plaintiff was terminated for legitimate nondiscriminatory reasons wholly unrelated to his race or participation in a sexual harassment investigation.

31.     Pleading further affirmatively, Defendants state that Plaintiff's claim for punitive damages against Defendant Johnson in his official capacity should be dismissed. An action against a municipal official is tantamount to an action against the municipality itself. Punitive damages may not be recovered against a municipal governmental entity such as the City.

32.     Defendants reserve the right to amend this Answer and to plead further in this matter.

WHEREFORE, Defendants pray that this matter be dismissed with prejudice; that Defendants be awarded their costs and attorney's fees incurred herein; and for all other just and proper relief to which Defendants may be entitled.

Respectfully Submitted:


Thomas M. Carpenter
City Attorney


By: _____
Amy Beckman Fields (89058)
Assistant City Attorney
City Hall – Suite 310
500 West Markham
Little Rock, AR 72201
(501) 371-4527


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon Plaintiff's attorney, Robert A. Newcomb, by placing same in the U.S. Mail, postage prepaid, to P.O. Box 149, Little Rock, AR 72203, this 22 day of December, 2003.


_____
Amy Beckman Fields

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SECOND DIVISION

FILED

2003 DEC 22 PM 1:49

RALPH BRESHEARS

CARJ. PLAINTIFF
CIRCUIT-COUNTY CLERK

V.                                        No. CV-03-12244

CITY OF LITTLE ROCK;
LITTLE ROCK POLICE DEPARTMENT; and
LAWRENCE JOHNSON, Individually and in His
Official Capacity as Chief of Police for the City of Little Rock        DEFENDANTS

## MOTION TO DISMISS OF SEPARATE
## DEFENDANT LITTLE ROCK POLICE DEPARTMENT

Comes Separate Defendant Little Rock Police Department ("LRPD"), by and

through its attorneys, Thomas M. Carpenter, City Attorney, and Amy Beckman Fields,

Assistant City Attorney,   pursuant to Ark. R. Civ. P. 12(b)(2) and Ark. R. Civ. P.

12(b)(6), and for its Motion to Dismiss, states:

1.       Plaintiff filed suit against the City of Little Rock, LRPD, and Lawrence

Johnson, individually and in his capacity as Chief of Police for the City of Little Rock, on

November 17, 2003.

2.       LRPD is not a governmental entity subject to suit.  LRPD is merely a

department or subdivision of city government and the vehicle through which the city

government fulfills its police functions.  Thus, LRPD lacks the capacity to be sued.

3.       Plaintiff's Complaint improperly names LRPD as a defendant in this

lawsuit. The Court lacks jurisdiction over LRPD under Ark. R. Civ. P. 12(b)(2) because

LRPD is not a suable entity and the claim against it should be dismissed under Ark. R.

Civ. P. 12(b)(6) for failure to state a claim against it upon which relief can be granted.

4.     LRPD's Brief in Support of Motion to Dismiss has been filed contemporaneously herewith.

WHEREFORE, Separate Defendant LRPD prays that the Complaint against it be dismissed with prejudice and that it be granted all other just and proper relief to which it may be entitled.

Respectfully Submitted:


Thomas M. Carpenter
City Attorney


By:

Amy Beckman Fields (89058)
Assistant City Attorney
City Hall – Suite 310
500 West Markham
Little Rock, AR  72201
(501) 371-4527

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon Plaintiff's attorney, Robert A. Newcomb, by placing same in the U.S. Mail, postage prepaid, to P.O. Box 149, Little Rock, AR  72203, this ___ day of December, 2003.


Amy Beckman Fields

2

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SECOND DIVISION

FILED
2003 DEC 22  PM 1:49

CAROLYN STALEY **PLAINTIFF**
CIRCUIT-COUNTY CLERK

RALPH BRESHEARS

V.                                    No. CV-03-12244

CITY OF LITTLE ROCK;
LITTLE ROCK POLICE DEPARTMENT; and
LAWRENCE JOHNSON, Individually and in His
Official Capacity as Chief of Police for the City of Little Rock          DEFENDANTS

## BRIEF IN SUPPORT OF MOTION
## TO DISMISS OF SEPARATE DEFENDANT
## LITTLE ROCK POLICE DEPARTMENT

Separate Defendant Little Rock Police Department ("LRPD") moves for dismissal pursuant to Ark. R. Civ. P. 12(b)(2) and Ark. R. Civ. P. 12(b)(6) of the Plaintiff's Complaint against it on the ground that it is not a suable entity. This Court therefore has no personal jurisdiction over it and it cannot be made a party to this action.

A division that is merely an arm of the city lacks a separate legal identity apart from the city. Several courts have considered the specific question of whether police departments or other subdivisions of local government can be sued. The case law cited below makes clear that a police department lacks the capacity to be sued. In *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992), the plaintiff sued various defendants, among them the West Memphis Police Department and West Memphis Paramedic Services. The Eighth Circuit affirmed the dismissal with prejudice of the complaint against the police department and paramedic services, saying that they "are not juridicial entities suable as such" but are simply departments or subdivisions of city government. *Ketchum*, 974 F.2d at 82, 83-84.

Cases in other jurisdictions are in accord. *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit"); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (Denver Police Department dismissed from civil rights lawsuit because it was not a separate suable entity).

The Little Rock Police Department is not an entity subject to being sued. The Court therefore lacks personal jurisdiction over LRPD pursuant to Ark. R. Civ. P. 12(b)(2) and Plaintiff has failed to state a claim upon which relief can be granted pursuant to Ark. R. Civ. P. 12(b)(6). The Complaint against LRPD should be dismissed with prejudice.

Respectfully Submitted:

Thomas M. Carpenter
City Attorney

By: _____
Amy Beckman Fields (89058)
Assistant City Attorney
City Hall – Suite 310
500 West Markham
Little Rock, AR 72201
(501) 371-4527

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon Plaintiff's attorney, Robert A. Newcomb, by placing same in the U.S. Mail, postage prepaid, to P.O. Box 149, Little Rock, AR 72203, this 22nd day of December, 2003.

Amy Beckman-Fields

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
SECOND DIVISION

FILED
2003 DEC 22  PM 1:50

CAROLYN STALEY
CIRCUIT-COUNTY CLERK

RALPH BRESHEARS                                                           PLAINTIFF

V.                              No. CV-03-12244

CITY OF LITTLE ROCK;
LITTLE ROCK POLICE DEPARTMENT; and
LAWRENCE JOHNSON, Individually and in His
Official Capacity as Chief of Police for the City of Little Rock          DEFENDANTS

## MOTION TO DISMISS
## PLAINTIFF'S FIRST CAUSE OF ACTION

Come Defendants, City of Little Rock ("City"), Little Rock Police Department
("LRPD") and Lawrence Johnson, individually and in his capacity as Chief of Police for
the City of Little Rock ("Johnson"), by and through their attorneys, Thomas M.
Carpenter, City Attorney, and Amy Beckman Fields, Assistant City Attorney, pursuant to
Ark. R. Civ. P. 12(b)(1), Ark. R. Civ. P. 12(b)(2) and Ark. R. Civ. P. 12(h)(3), and for
their Motion to Dismiss Plaintiff's First Cause of Action, state:

1.      Plaintiff filed his Complaint herein on November 17, 2003 asserting three
causes of action.  For his first cause of action, Plaintiff seeks review of the October 16,
2003 decision of the Little Rock Civil Service Commission ("Commission") upholding
Plaintiff's termination by the Chief of Police of the Little Rock Police Department.

2.      Plaintiff has failed to perfect his appeal of the Commission's decision in
the proper manner.  Appeals from the Commission are governed by Ark. Code Ann. § 14-
51-308(e)(1)(B)(i) and (ii) and by Rule 9 of the Arkansas Inferior Court Rules.  Plaintiff
has failed to comply with the provisions of the Inferior Court Rules.  Specifically,

Plaintiff did not file a certified copy of the record from the Civil Service Commission as required by Inferior Ct. R. 9.

3.    Because of Plaintiff's failure to properly perfect his appeal, this Court does not have subject matter jurisdiction or jurisdiction over the parties. Plaintiff's cause of action must be dismissed.

4..    Defendants' Brief in Support of their Motion to Dismiss Plaintiff's First Cause of Action has been filed contemporaneously herewith.

WHEREFORE, Defendants pray that Plaintiff's appeal of the Commission's decision upholding his termination as a police officer for the City of Little Rock be dismissed with prejudice and for all other just and proper relief to which they may be entitled.

Respectfully Submitted:

Thomas M. Carpenter
City Attorney

By:  _____
Amy Beckman Fields (89058)
Assistant City Attorney
City Hall – Suite 310
500 West Markham
Little Rock, AR  72201
(501) 371-4527

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon Plaintiff's attorney, Robert A. Newcomb, by placing same in the U.S. Mail, postage prepaid, to P.O. Box 149, Little Rock, AR 72203, this _____ day of December, 2003.

Amy Beckman Fields

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**SECOND DIVISION**

FILED

2003 DEC 22  PM 1:50

RALPH BRESHEARS                                                    **PLAINTIFF**MARILYN STALEY
                                                                   CIRCUIT-COUNTY CLERK

V.                                    No. CV-03-12244

CITY OF LITTLE ROCK;
LITTLE ROCK POLICE DEPARTMENT; and
LAWRENCE JOHNSON, Individually and in His
Official Capacity as Chief of Police for the City of Little Rock        **DEFENDANTS**

**BRIEF IN SUPPORT OF**
**DEFENDANTS'MOTION TO DISMISS**
**PLAINTIFF'S FIRST CAUSE OF ACTION**

**Introduction**

Plaintiff filed his Complaint herein on November 17, 2003, alleging three causes

of action against Defendants City of Little Rock ("City"), Little Rock Police Department

("LRPD") and Lawrence Johnson, individually and in his official capacity of Chief of

Police for the City of Little Rock ("Johnson," and collectively with City and LRPD,

"Defendants").  A separate Motion to Dismiss by Separate Defendant Little Rock Police

Department and Brief in Support has been filed contemporaneously herewith.

The first cause of action alleged by Plaintiff is an attempt to appeal the decision of

the City's Civil Service Commission ("Commission") upholding Johnson's termination

of Plaintiff's employment with LRPD.  Plaintiff failed to properly perfect his appeal

pursuant to the requirements of Ark. Inferior Ct. R. 9.  Specifically, Plaintiff failed to file

a copy of the record of the proceedings below that had been certified by the Commission,

or alternatively, to file an affidavit that he had requested a certified record from the

Commission and the Commission failed to provide such record.   This Court therefore

does not have subject matter jurisdiction or jurisdiction over the parties and pursuant to

Rules 12(b)(1), 12(b)(2) and 12(h)(3) of the Arkansas Rules of Civil Procedure, Plaintiff's appeal of the Commission's decision should be dismissed with prejudice.

## Facts

The substantive facts relating to Plaintiff's termination are not relevant for purposes of Defendants' Motion to Dismiss Plaintiff's First Cause of Action and will not be addressed in detail. The facts demonstrating that Plaintiff failed to comply with the procedural requirements governing appeals from civil service commissions to Circuit Court are set forth below.

Plaintiff was employed as a police officer for the City. Johnson sent Plaintiff a letter on July 25, 2003 terminating Plaintiff's employment effective July 28, 2003. Plaintiff appealed Chief Johnson's decision to terminate him to the Commission. The Commission heard the appeal on October 16, 2003 at which time Plaintiff's termination was upheld. Plaintiff filed a Notice of Appeal with the Commission on October 24, 2003. On October 27, 2003, the Commission chairman signed the Order upholding Plaintiff's termination. Plaintiff's Complaint herein was filed on November 17, 2003. On November 24, 2003, Plaintiff filed a Notice of Filing of Record, indicating that the original of the transcript of the Commission hearing with all exhibits other than the videotape had been filed with the Circuit Clerk. The transcript was filed with the Notice of Filing of Record.

Appeals from the Commission are governed by Ark. Code Ann. § 14-51-308(e)(1)(B)(i) and (ii) and Ark. Inferior Ct. R. 9. Plaintiff failed to comply with the Inferior Court Rules. As a result, this Court does not have jurisdiction over either the

subject matter or the parties and Plaintiff's appeal of the Commission's decision should be dismissed with prejudice.

## Discussion

The procedural requirements for perfecting an appeal from a decision of a civil service commission are set forth in Ark. Code Ann. § 14-51-308(e)(1)(B)(i) and (ii) and in Rules 8 and 9 of the Arkansas Inferior Court Rules. Defendants do not contend that Plaintiff did not meet the requirements of Ark. Code Ann. § 14-51-308. However, Plaintiff did not comply with the requirements of Ark. Inferior Ct. R. 9, resulting in this Court lacking jurisdiction over the subject matter and the parties herein.

In the recent case of *Clark v. Pine Bluff Civil Service Commission,* 2003 WL 21479895 (June 26, 2003), the Arkansas Supreme Court clearly set out the procedure to be followed in an appeal from a civil service commission decision. In *Clark,* the Pine Bluff Civil Service Commission terminated the employment of Pine Bluff Chief of Police Nathaniel Clark on August 13, 2002. Clark filed a notice of appeal in Jefferson County Circuit Court on September 10, 2002. The Civil Service Commission filed a motion to dismiss because of Clark's failure to file with the Circuit Clerk either a record of the proceedings below or an affidavit certifying that no such record was available. The circuit court dismissed his appeal without prejudice upon its finding that he had not filed a record of the lower tribunal proceedings or an affidavit that the record had been requested.

In examining the issues before it, the Arkansas Supreme Court found that the statute authorizing appeals from a civil service commission do not specify the rules to be followed to perfect an appeal to Circuit Court after the commission has issued a written

decision and prepared a transcript. The Court held "that once the requirements of Ark. Code Ann. § 14-51-308(e)(1)(B) have been met, an appeal from a decision of the civil service commission to circuit court should proceed in accordance with the rules of this court governing an appeal from inferior courts."

The Court went on to discuss Clark's failure to comply with the requirements of Rule 9 of the Inferior Court Rules, stating:

> The circuit court was correct in its finding that Clark's failure to comply with the filing requirements of Rule 9 required the dismissal of the case. Strict compliance with the requirements of Rule 9 is necessary, substantial compliance will not suffice. Where an appeal falls under Rule 9, compliance with its requirements is mandatory and jurisdictional, and failure to comply precludes the circuit court from exercising jurisdiction over the appeal.

*Id.* (Citations omitted).

Ark. Code Ann. § 14-51-308(e)(1)(B)(i) and (ii) describes how appeals are to be effected, stating:

> (i) The appeal shall be taken by filing with the commission, within thirty (30) days from the date of the decision, a notice of appeal. The responsibility of filing an appeal and paying for the transcript of the proceedings before the municipal civil service commission shall be borne by the party desiring to appeal the commission's decision.
>
> (ii) The commission will upon receiving notice of an appeal prepare a written order containing its decision and ensure that the transcript and evidence be made available for filing in the circuit court once the appealing party has paid the cost of preparing the transcript.

Plaintiff complied with these requirements. He filed his notice of appeal with the Commission less than 30 days after its decision and obtained a written order reflecting the Commission's decision. He also obtained a transcript of the proceedings before the Commission.

4

In light of the Arkansas Supreme Court's ruling once the statutory requirements of Ark. Code Ann. § 14-51-308 have been met then the Arkansas Inferior Court Rules apply to civil service commission appeals, the issue for this Court becomes whether Plaintiff strictly complied with the provisions of Rule 9. That rule provides in pertinent part:

> (a)  All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.
>
> (b)  All appeals from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court. It shall be the duty of the clerk to prepare *and certify* such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit clerk.
>
> (c)  When the clerk of the inferior court, or the court in the absence of a clerk, neglects or refuses to prepare *and certify* a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the inferior court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the inferior court [or the inferior court] to *prepare and certify* the records thereof for purposes of appeal and that the clerk [or the court] has neglected to *prepare and certify* such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the inferior court [or the court] and the adverse party.

(Emphasis added). Plaintiff failed to comply with the requirement that he file either a *certified* record of the proceedings, or in the alternative, file an affidavit showing that he requested the Commission to prepare *and certify* the record of the proceedings and that the Commission neglected to do so.

Certification of the record by the Commission is required by Rule 9. As indicated by the Arkansas Supreme Court in *Clark, strict* compliance with the Inferior Court Rules

is required, and when a plaintiff fails to strictly comply with the required procedures, the Court does not have subject matter jurisdiction.

The Arkansas Supreme Court has addressed the issue of whether the record that is filed with the circuit court upon an appeal from a lower court must be certified. In *J & M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001), Hampton initiated a lawsuit against J & M in Pine Bluff Municipal Court. The municipal court found in favor of J & M and Hampton attempted to appeal the case to Jefferson County Circuit Court. The municipal court record was filed with the circuit court in a timely manner. However, the record had not been certified by the municipal court clerk. The trial court denied J & M's motion to dismiss, finding that Hampton had substantially complied with Ark. Inferior Ct. R. 9.

J & M filed a petition with the Arkansas Supreme Court for a writ of prohibition to prevent the "improper and unauthorized assumption of jurisdiction" by the circuit court over the cause of action. *Id.* at 128. The Court granted J & M's petition for writ of prohibition, finding that because of Hampton's failure to properly perfect the appeal, the circuit court was wholly without jurisdiction. In reaching its decision, the Court stated,

> There is no dispute that a certified record of the municipal court proceedings was not filed in the circuit court within thirty days. Hampton nevertheless asserts that the entire record was timely lodged with the circuit court, and that the failure to timely certify the record is insignificant. However, we note again the language of Rule 9(b), which states that "[a]n appeal from an inferior court to the circuit court shall be taken *by filing a record of the proceedings* had in the inferior court. It shall be the duty of the clerk to *prepare and certify such record* when requested by the appellant and upon payment of any fees authorized by law therefor." Unless we are to consider the language in the second sentence as mere surplusage, we must conclude that the rule requires the filing of a certified copy of the transcript of the lower court proceedings within thirty days in order for the circuit court to acquire jurisdiction over the appeal.

Id. at 130-131. (Emphasis in the original).

The language in Ark. Inferior Ct. R. 9 and in the case above employs terminology related to "inferior courts" and "inferior court clerks," as opposed to "commissions." However, as a result of the Arkansas Supreme Court's ruling in *Clark*, *all* of the requirements of Rule 9 are mandatory and must be complied with in order for the Circuit Court to acquire jurisdiction over an appeal from a decision of a civil service commission. This includes the requirement that a record of the proceedings must be obtained from the lower tribunal, in this case the Commission, and that the record must be certified by the Commission.

The Arkansas Supreme Court addressed a similar issue in *Board of Zoning Adjustment of the City of Little Rock v. Cheek*, 328 Ark. 18, 942 S.W.2d 821 (1997). As with appeals to circuit court from a civil service commission, decisions of boards of zoning adjustment to circuit court are also governed by Rule 9 of the Arkansas Inferior Court Rules. In *Cheek*, the Court found that the circuit court did not have jurisdiction to hear an appeal from the Board of Zoning Adjustment when the appellant failed to file a record from the proceedings before the Board of Zoning Adjustment with the circuit clerk. The Court recognized that the "confusion of the parties and trial court" was obvious and understandable because of the incorporation of the appeal procedure from inferior court rules to appeals from administrative and quasi-judicial agencies. Despite this obvious and understandable confusion, the Court said it was "resolute in deciding the circuit court had no authority to hear Cheek's appeal" because of his failure to file the record from below. *Id.* at 22. In its decision, the Court provided direction to parties appealing decisions from administrative and quasi-judicial agencies as to how such

parties should handle Rule 9 issues. The Court quoted Rule 9(c) and inserted the word "Board" parenthetically each time the language in the rule referred to the clerk of the inferior court or to the inferior court, so that the rule is read to require the filing of either a copy of the record from the proceedings below, certified by the Board, or the filing of an affidavit that such a certified record had been requested of the Board, but the Board failed or refused to provide or certify such record. *Id.* at 20. The Court made clear in *Cheek* that even though the language of the inferior court rule may contain "judicial" terms, that parties appealing from administrative and quasi-judicial agencies are strictly bound to the same requirements as if the appeal is from an inferior court.

An application of the principles set forth in *Cheek* to Plaintiff's attempt here to appeal the Commission's decision necessitates a finding that in order to properly perfect his appeal pursuant to the requirements of Rule 9 of the Inferior Court Rules, Plaintiff would have had to file a copy of the record of the Commission proceedings, *certified by the Commission*, within 30 days of the issuance of the Commission's written order.

The court filings in this matter are clearly deficient and not in compliance with the requirements of Ark Inferior Ct. R. 9. Because strict compliance with the inferior court rules is required in order for the Court to obtain subject matter jurisdiction over Plaintiff's appeal, and because Plaintiff has failed to strictly comply, Plaintiff's first cause of action should be dismissed with prejudice.

### Conclusion

The law is clear that the Arkansas Inferior Court Rules apply to civil service commission appeals; that strict compliance with the Rules is required; and that if an appellant fails to comply with any of the requirements, the circuit court never obtains

jurisdiction over the appeal.  In this case, Plaintiff failed to comply with Ark. Inferior Ct. R. 9.  While he filed a copy of the Commission's order upholding his termination and the transcript of the proceedings, neither of these was certified by the Commission.  Rule 9 explicitly requires the filing of a *certified* copy of the record or an affidavit that the appellant has attempted to obtain a certified copy of the record but the clerk has failed to provide such a record.

The Arkansas Supreme Court clearly established in *Clark* that it is the responsibility of the party seeking redress from the Commission's decision to take the necessary steps to perfect the appeal.  The Court stated "'Further, it is the duty of the counsel, not the judge, clerk, or reporter, to perfect the appeal.'"  *Clark v. Pine Bluff Civil Service Commission,* 2003 WL 21479895, quoting *Edward v. City of Conway*, 300 Ark. 135, 777 S.W.2d 583, 584 (1989).  Neither Plaintiff nor his attorney obtained and filed a copy of the record, certified by the Commission.  Because of this failure, Plaintiff has not complied with Ark. Inferior Ct. R. 9, the court is without jurisdiction over Plaintiff's appeal, and Plaintiff's first cause of action should be dismissed with prejudice.

Respectfully Submitted:

Thomas M. Carpenter
City Attorney

By:  Amy Beckman Fields (89058)
Assistant City Attorney
City Hall – Suite 310
500 West Markham
Little Rock, AR  72201
(501) 371-4527

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon Plaintiff's attorney, Robert A. Newcomb, by placing same in the U.S. Mail, postage prepaid, to P.O. Box 149, Little Rock, AR  72203, this 22ⁿᵈ day of December, 2003.

Amy Beckman Fields