FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 27 2004
JAMES W. McCORMACK, CLERK
By: DEP CLERK

**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**RALPH BRESHEARS** **PLAINTIFF**

**V.** **CASE NO. 4-03-CV-01019 SWW**

**CITY OF LITTLE ROCK;**
**LITTLE ROCK POLICE DEPARTMENT; and**
**LAWRENCE JOHNSON, Individually and in His Official Capacity as Chief of Police for the City of Little Rock** **DEFENDANTS**

## BRIEF IN SUPPORT OF MOTION FOR PARTIAL REMAND AND TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE,TO BIFURCATE

### Background

Plaintiff originally filed his Complaint in Pulaski County Circuit Court on November 17, 2003. In his Complaint, Plaintiff alleges three causes of action. For his first cause of action, Plaintiff seeks review pursuant to Ark. Code Ann. § 14-51-308 of the October 16, 2003 decision of the Little Rock Civil Service Commission ("Commission") upholding Plaintiff's termination by the Chief of Police of the Little Rock Police Department. For his second cause of action, Plaintiff claims that Defendants retaliated against him for having been identified as a witness and protesting sexual harassment in violation of the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-108. Plaintiff claims for his third cause of action that Defendants "violated the rights granted to him by 42 U.S.C. § 1981 and 42 U.S.C. § 1983 ... to be free from discrimination in the entering into contracts *(sic)* and in the terms of employment because of race."

On December 30, 2003, Defendants filed a Notice of Removal. This Court has original jurisdiction over Plaintiff's cause of action alleging violations of 42 U.S.C. § 1981 and 42 U.S.C.



§ 1983. 28 U.S.C. § 1441(c) authorizes removal of the entire case for determination by this Court, subject to the Court's discretion to remand all matters in which State law predominates.

Plaintiff's appeal of the Commission's decision is a matter in which state law predominates and Defendants respectfully request that the Civil Service Commission appeal be remanded to Pulaski County Circuit Court. If the Court grants Defendants' request for partial remand, Defendants request that proceedings on the second and third causes of action by stayed pending resolution of the Civil Service Commission appeal. If the Court retains jurisdiction over all of the causes of action, Defendants request that the Court bifurcate the cause of action seeking review of the Commission's decision and resolve the first cause of action prior to trial on the second and third causes of action.

## Discussion

### I.
### Partial Remand

The United States District Court has been given original jurisdiction over Plaintiff's cause of action alleging violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. This original jurisdiction is granted pursuant to 28 U.S.C. § 1343(a)(3), which provides original jurisdiction with the District Court for civil actions "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." Additional authority for this Court's jurisdiction is found in 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Because of this Court's original jurisdiction over Plaintiff's third cause of action, Defendants filed a Notice of Removal on December 30, 2003. Removal is authorized by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

In the Notice of Removal previously filed herein, Defendants requested that the Court exercise its discretion and remand Plaintiff's cause of action seeking review of the Commission's decision upholding Plaintiff's termination from the Little Rock Police Department.

Authority for partial remand is found in 28 U.S.C. § 1441(c), which provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, *or in its discretion may remand all matters in which State law predominates.*

(Emphasis added). In reviewing the language of the statute, it is clear that the Court has the authority to exercise its discretion and remand the cause of action seeking review of the Commission's decision to Pulaski County Circuit Court.

In this case, Plaintiff has filed a separate and independent claim based upon an alleged violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Jurisdiction for his federal claim is conferred by 28 U.S.C. § 1331. The federal claim has been joined with otherwise non-removable claims, namely the appeal of the decision of the Little Rock Civil Service Commission and the cause of action alleging violation of the Arkansas Civil Rights Act. The Defendants are not requesting that the Court remand the Arkansas Civil Rights claim, as the allegations are related to the allegations in the federal claim. However, Defendants are

requesting that the Court remand the Civil Service Commission appeal. That claim is a matter in which state law predominates. Authority for review of a decision of a civil service commission is purely a creation of Arkansas statutory law. Ark. Code Ann. § 14-51-308 specifically provides for such review by the Circuit Court and Plaintiff's cause of action is more appropriately before the State court.

**II**
**Stay of Proceedings**

In the event the Court grants Defendant's request for partial remand, Defendants additionally request that proceedings on Plaintiff's second and third causes of action be stayed pending resolution of Plaintiff's appeal of the Commission's decision. Defendant's request for a stay is based upon two considerations: (1) that the issues presented by Plaintiff's second and third causes of action are not ripe for determination prior to a decision on Plaintiff's appeal of his termination; and (2) that the application of the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971) warrants a stay of the proceedings.

Both the second and third causes of action have as their basis Plaintiff's alleged wrongful termination. If Plaintiff is successful in his appeal of his termination, reinstated and awarded back pay, his second and third causes of action will be moot. Because the validity of the wrongful termination claims hinges on the outcome of Plaintiff's Civil Service Commission appeal, neither of the claims is ripe for determination prior to resolution of the review of the Commission's decision. Proceedings on the second and third cause of action should therefore be stayed pending a decision on the appeal of the Commission's decision by the Pulaski County Circuit Court.

Consideration of Plaintiff's wrongful termination claims should also be stayed pursuant to the abstention principles set forth in *Younger v. Harris, Id.,* as applied by the Eighth Circuit

Court of Appeals in *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475 (8th Cir. 1998). In *Night Clubs, Inc.*, the plaintiff, Night Clubs, Inc. doing business as Regina's House of Dolls II ("Regina's") appealed the District Court's dismissal with prejudice of its civil rights action. Regina's had filed an application with the Fort Smith Planning Commission requesting a permit for an exotic dancing facility. The Planning Commission denied Regina's application. Regina's filed a complaint in Sebastian County Circuit Court seeking review of the decision. The Circuit Court dismissed the appeal on procedural grounds and Regina's appealed the dismissal to the Arkansas Supreme Court. While the appeal to the Arkansas Supreme Court was pending, Regina's filed its federal civil rights action. The District Court applied the *Younger* abstention doctrine and dismissed Plaintiff's complaint with prejudice. On appeal, the Eighth Circuit Court of Appeals upheld the application of *Younger*, but found that the appropriate remedy was not dismissal, but a stay of the proceedings pending resolution of the State court action.

In discussing the application of *Younger* abstention, the Court stated:

> There are essentially three issues that must be addressed in determining whether to invoke the *Younger* abstention doctrine: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *See, Middlesex* 457 U.S. at 432, 102 S.Ct. 2515. If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some extraordinary circumstances that would make abstention inappropriate." *Id.* at 435, 102 S.Ct. 2515.

*Night Clubs, Inc.*, 163 F.3d at 479, quoting *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423 (1982).

In applying the standard set forth above, abstention is appropriate. Of course, whether the first element is met is dependent upon whether the Court orders a partial remand. If the Civil Service Commission appeal is remanded, there is clearly an ongoing state judicial proceeding.

Application and enforcement of disciplinary action against law enforcement officials has obvious implications related to important state and local issues. Finally, the Plaintiff will have the opportunity to present evidence of the allegations that are the basis of his constitutional claims to the Circuit Court in the course of pursuing his appeal.

There are striking similarities between this case and *Night Clubs, Inc.* In both cases the plaintiffs are seeking review of the decision of a quasi-judicial municipal commission. In each case, the plaintiffs also seek damages because of alleged violations of constitutional law. When confronted with this type of situation, the Court of Appeals in *Night Clubs, Inc.* held that the federal court action should be stayed pending resolution of the state court action. Plaintiffs request that proceedings related to Plaintiff's causes of action alleging violation of the Arkansas Civil Rights Act and 42 U.S.C. § 1981 and 42 U.S.C. § 1983 be held in abeyance pending resolution of Plaintiff's appeal of the Commission's decision.

**III**
**Bifurcation**

In the event that the Court does not remand Plaintiff's first cause of action, Defendants request that this action be bifurcated and that the Court first address Plaintiff's cause of action seeking review of the Commission's decision.

Rule 42(b) of the Federal Rules of Civil Procedure provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

In this case, there are several reasons that bifurcation is appropriate. As discussed above, if Plaintiff prevails on his cause of action seeking review of the Commission's decision and is

reinstated to his position with back pay, the other two causes of action, which have as their basis allegations of wrongful termination, will be moot. "A bifurcated trial is particularly appropriate...where resolution of the separated issue will dispose of the entire case, eliminating the need for a second proceeding." 74 Am.Jur.2d Trial § 122. *See also,* 74 Am.Jur.2d Trial § 125 ("economy and expedition of the case will be promoted by the ordering of a separate trial where determination of one issue will be dispositive of the entire case, or where trial of the other issues will be avoided by determination of one issue.")

Another factor for the Court's consideration is that the causes of action pursuant to the Arkansas Civil Rights Act and 42 U.S.C. § 1981 and 42 U.S.C. § 1983 are proper matters for determination by a jury, and Defendant has in fact demanded a jury trial. On the other hand, an appeal from a decision of a civil service commission is a matter that is not properly before a jury. When an appeal from a civil service commission is taken, the record of the proceedings before the commission is filed with the Circuit Court. Ark. Code Ann. § 14-51-308, Ark. Inferior Ct. R. 9. The Court then reviews the record and any additional evidence introduced by either party. Ark. Code Ann. § 14-51-308(e)(1)(C)(i), *Daley v. City of Little Rock*, 36 Ark. App. 80, 818 S.W.2d 259 (1991). A civil service commission appeal is by its very nature a matter to be determined by the trial court, and not by a jury. Because of the fundamental right of both Plaintiff and Defendants to have the second and third causes of action decided by a jury, and because Plaintiff's first cause of action cannot be properly presented to a jury, there is a compelling interest in bifurcating the issues presented in Plaintiff's Complaint.

The United States District Court for the Southern District of New York recently addressed the issue of bifurcation under somewhat similar circumstances as presented here in *Wechsler v. Hunt Health Systems, Ltd.*, 2003 WL 21878815 (S.D.N.Y. August 8, 2003). In that

case, the court found that the claims in the case could be separated into two categories: a contract claim for which the defendants were not entitled to a trial by jury and a fraudulent conveyance claim for which they were entitled to a trial by jury. The situation was also similar in that if the defendants prevailed on the contract claim, that there would be no need for a jury trial on the fraudulent conveyance claim. Based upon these factors, the court bifurcated the trial and stated it would first hold the bench trial on the contract claim and, if necessary, would then try the fraudulent conveyance claims before a jury.

A similar result is appropriate here. In the event that the Court retains jurisdiction over Plaintiff's appeal of the Commission's decision, the interests of justice and judicial economy would be served by bifurcating the issues, first resolving the Civil Service Commission appeal, then, if necessary, trying the remaining claims before a jury.

**Conclusion**

Defendants respectfully request that the first cause of action alleged in Plaintiff's Complaint, namely his request for review of the decision of the Little Rock Civil Service Commission, be remanded to Pulaski County Circuit Court for determination. Defendants further request that the remaining matters be held in abeyance pending determination of the Civil Service Commission appeal. In the alternative, Defendants request that the trial be bifurcated and the Civil Service Commission appeal be resolved first by bench trial and if necessary, then presenting the second and third causes of action to a jury.

Respectfully Submitted:

Thomas M. Carpenter
City Attorney

By:

Amy Beckman Fields (89058)
Assistant City Attorney
City Hall – Suite 310
500 West Markham
Little Rock, AR 72201
(501) 371-4527

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon Plaintiff's attorney, Robert A. Newcomb, by placing same in the U.S. Mail, postage prepaid, to P.O. Box 149, Little Rock, AR 72203, this 27th day of January, 2004

Amy Beckman Fields