**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 15 2004

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RALPH BRESHEARS,          *
                          *
          Plaintiff,      *
                          *
vs.                       *          No. 4:03cv001019 SWW
                          *
                          *
                          *
CITY OF LITTLE ROCK; LITTLE ROCK   *
POLICE DEPARTMENT; and LAWRENCE    *
JOHNSON, individually and in his official  *
capacity as Chief of Police for the City of   *
Little Rock,              *
                          *
          Defendants.     *

ORDER OF REMAND

This is a case of alleged employment discrimination in which plaintiff Ralph Breshears, a

white male, claims he was wrongfully terminated from his employment as a Police Officer with

the City of Little Rock. Plaintiff's complaint asserts three causes of action. Plaintiff's first cause

of action is an appeal, pursuant to Ark. Code Ann. § 14-51-308, of the October 16, 2003 decision

of the Little Rock Civil Service Commission upholding plaintiff's termination by the Chief of

Police of the Little Rock Police Department ("LRPD"). Plaintiff's second cause of action asserts

defendants terminated him in violation of the retaliation provision of the Arkansas Civil Rights

Act of 1993 ("ACRA"), Ark. Code Ann. § 16-123-108, for his having been identified as a

witness and protesting sexual harassment in the LRPD. Plaintiff's third cause of action is, in

essence, a claim of "reverse discrimination" in which he asserts defendants violated ACRA as

well as 42 U.S.C. §§ 1981 and 1983 by terminating him because of his race.

This action was originally filed in the Circuit Court of Pulaski County, Arkansas, but, on

**10**

December 30, 2003, was removed to this Court pursuant to 28 U.S.C. § 1441 by defendants, City

of Little Rock, LRPD, and Lawrence Johnson, Chief of Police for the City of Little Rock.

Shortly thereafter, defendants, having just removed this action to this Court, filed a motion for

partial remand and to stay proceedings or, in the alternative, to bifurcate [doc.#4].  Defendants

state that plaintiff's appeal of the Commission's decision is a matter in which state law

predominates and, thus, request that the Civil Service Commission appeal be remanded to

Pulaski County Circuit Court.  If the Court grants defendants' request for partial remand,

defendants request that proceedings on the second and third causes of action be stayed pending

resolution of the Civil Service Commission appeal.  Defendants argue that both the second and

third causes of action have as their basis plaintiff's alleged wrongful termination and that if

plaintiff is successful in his appeal of his termination and awarded full relief, these causes of

action will be moot.

   This Court agrees that plaintiff's first cause of action is a matter in which state law

predominates and should be remanded.  However, rather than retaining jurisdiction of the second

and third causes of action as requested by defendants and then awaiting action by the state court,

the Court will remand the entire action to state court.

   In the interests of judicial economy, convenience, fairness, and comity, this Court may

"relinquish jurisdiction [over a removed case involving supplemental claims] when 'state issues

substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the

comprehensiveness of the remedy sought.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

n.7 (1988).  Additionally, remand is appropriate to avoid piecemeal litigation.  *Spaulding v.

Mingo County Bd. of Ed.*, 897 F.Supp. 284, 289 (S.D.W.Va. 1995).

In the action at bar, it is undisputed that state issues predominate in this action and that all three causes of action are inextricably intertwined.  As previously noted, plaintiff's first cause of action is an appeal of a Civil Service Commission decision upholding his termination – a matter strictly of state law –, while plaintiff's second cause of action also arises solely under state law (ACRA) and challenges the same termination.

Likewise, plaintiff's third cause of action – a reverse discrimination claim – arises under ACRA and, again, challenges the same termination as the first two causes of action.  Although plaintiff also cites 42 U.S.C. § 1981, and 42 U.S.C. § 1983, this third cause of action, involving as it does alleged intentional employment discrimination, will essentially be considered in the same manner and under the same standards as though brought solely under ACRA.  *See, e.g., Mowever v. Westfall*, 177 F.Supp.2d 940, 953 (S.D. Iowa 2001) (reverse discrimination claim brought under § 1981 and § 1983 considered under *McDonnell Douglas* frame work applicable to Title VII); *Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999) (claims of discrimination under § 1981 analyzed under *McDonnell Douglas* frame work); *Island v. Buena Vista Resort*, 352 Ark. 548, 556 (2003) (noting that ACRA instructs Arkansas courts to look to state and federal decisions interpreting 42 U.S.C. § 1983); *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 n.3 (8th Cir. 2000) (claims premised under ACRA "are analyzed in the same manner as Title VII claims"); *Beardsley v. Webb*, 30 F.3d 524, 529 (4th Cir. 1994) (noting that courts may apply the standards developed in Title VII litigation to similar litigation under § 1983).  Thus, it cannot be said that federal law predominates as to plaintiff's third cause of action; whether adjudicated in state court or federal court, the claim will be considered under the same standards.

It is clear, then, that the majority of the claims are grounded in state law and that the federal claims are factually tied to the state law claims.  That being so, and in order to avoid piecemeal litigation, the Court finds that judicial economy, convenience, fairness, and comity dictate that the entire action be remanded to state court.[1]

IT IS THEREFORE ORDERED that the Clerk of Court remand this entire action to the Circuit Court of Pulaski County, Arkansas.

Dated this _15th_ day of _March_ 2004.

CHIEF JUDGE
UNITED STATES DISTRICT COURT

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 3-16-04 BY A

---

[1] Defendants' motion to strike plaintiff's response is denied as moot.

F I L E   C O P Y

vjt

**UNITED STATES DISTRICT COURT**
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

March 16, 2004

* * MAILING CERTIFICATE OF CLERK * *

Re:  4:03-cv-01019.

True and correct copies of the attached were mailed by the clerk to the following:

      Robert A. Newcomb, Esq.
      Attorney at Law
      Regions Center
      400 West Capitol Avenue, Suite 1700
      Post Office Box 149
      Little Rock, AR  72203-0149

      Amy Beckman Fields, Esq.
      Little Rock City Attorney's Office
      500 West Markham Street
      Room 310
      Little Rock, AR  72201-1496

      Thomas M. Carpenter, Esq.
      Little Rock City Attorney's Office
      500 West Markham Street
      Room 310
      Little Rock, AR  72201-1496

      Pulaski County Circuit Court
      401 West Markham
      Little Rock, AR  72201

      cc: press, post

James W. McCormack, Clerk

V. Turner

3/16/04

Date: _____       BY: _____